IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:21-MJ-00030 |
| v. | : | HON. KAREN L. LITKOVITZ |
| JUSTIN STOLL, | : | |
| Defendant. | : | |

JOINT MOTION TO CONTINUE PRELIMINARY HEARING, EXTEND TIME
FOR FILING INDICTMENT OR INFORMATION, AND EXCLUDE TIME
UNDER THE SPEEDY TRIAL ACT

The United States of America and defendant Justin Stoll respectfully request that the
Court continue the preliminary hearing in this matter until April 23, 2021, or as soon thereafter
as is convenient for the Court. The parties also jointly move to extend through April 30, 2021,
the deadline for filing an indictment or information, as well as for a finding that the requested
extension period is excluded under the Speedy Trial Act.

## BACKGROUND

### A. Procedural History

Stoll was arrested on a federal arrest warrant on January 15, 2021, and made his initial
appearance before the Court on the same day to answer to a complaint charging him with
Interstate Threats and Witness Tampering by Threat. Stoll was released on bond, and a
preliminary hearing was set for January 29, 2021.

On January 28, 2021, upon the parties' stipulation and for good cause, the Honorable
Judge Stephanie K. Bowman, U.S. Magistrate Judge for the Southern District of Ohio, continued
the preliminary hearing until February 19, 2021, and extended through March 16, 2021, the

deadline for filing an indictment or information. (Doc. 14.) The Court also ordered that the extension period be excluded under the Speedy Trial Act.

Since the filing of the complaint, counsel for the parties have engaged in pre-indictment discovery discussions. To facilitate those ongoing discussions, and because of the limits on the availability of the grand jury caused by the COVID-19 pandemic, the parties now respectfully request that the Court continue the preliminary hearing until April 23, 2021; extend through April 30, 2021, the deadline for filing an indictment or information; and exclude time under the Speedy Trial Act.

### B. COVID-19

Ohio, like the rest of the world, is in the throes of the global COVID-19 pandemic. As a result, the U.S. District Court for the Southern District of Ohio has issued a series of General Orders suspending or limiting certain court proceedings. As stated in General Order 20-08,

> The genesis for all of these Orders, including this Order, are the multiple confirmed cases of COVID-19 throughout the Southern District of Ohio generally and in each seat of Court in the Southern District of Ohio: Columbus, Cincinnati, and Dayton. The number of confirmed cases continues to grow, both here and across the country, resulting in growing hospitalizations and increasing fatalities. As recounted in previous General Orders, President Trump has invoked the National Emergencies Act, 50 U.S.C. § 1601, et seq. with respect to COVID-19, and has issued, and now extended, guidelines mandating social distancing and the discontinuance of discretionary travel. The Governor of the State of Ohio, Mike DeWine, has likewise declared a state of emergency which, among other things, limits large indoor gatherings and limits travel to essential travel within the state and its respective communities. Reflective of the ongoing nature of this pandemic, the President and the Governor have recently extended the time periods during which these limitations will remain in place, at least through the end of April.

*See* General Order, *In re: Further Order Regarding Court Operations Under the Ongoing Exigent Circumstances Created by COVID-19*, No. 20-08, at p. 1 (S.D. Ohio Apr. 3, 2020).

Although vaccines are now starting to be administered, thousands of people continue to die from COVID-19 each day.[1] As a result, the Chief Judge has ordered that the grand jury can meet just once in February 2021 in any of the three locations of the Court, but only for cases facing an imminent expiration of the statute of limitations. *See* General Order, *In re: Further Order Regarding Court Operations Under the Ongoing Exigent Circumstances Created by COVID-19*, No. 21-02 (S.D. Ohio Jan. 11, 2021). The Chief Judge has further ordered that:

> Because, pursuant to this General Order and General Order 20-36, the Grand Jury cannot consider other matters at those meetings, the Grand Jury in this District shall not be considered "in session" for purposes of 18 U.S.C. § 3161 as to any matters other than those [facing an imminent expiration of the statute of limitations]. As a result, as to any defendant arrested or served with a summons after November 25, 2020, and as to whom the thirty-day period specified in 18 U.S.C. § 3161(b) would otherwise expire before the first meeting of a Grand Jury in this District that occurs after March 1, 2021, the time period for filing an information or indictment shall be extended thirty days in alignment with 18 U.S.C. § 3161(b).

*Id.* at 1.

## **DISCUSSION**

### **A. There is good cause to extend the time limit for a preliminary hearing.**

Preliminary hearings generally must be held "within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody." Fed. R. Crim. P. 5.1(c). Where the defendant consents, however, the Court may for good cause extend the time limits for a preliminary hearing one or more times. Fed. R. Crim. P. 5.1(d).

Stoll consents to a continuation of his preliminary hearing because the parties are engaged in pre-indictment discovery discussions. These discussions will not conclude before

---

[1] *See* CDC COVID Data Tracker, *available at* https://covid.cdc.gov/covid-data-tracker/ (last accessed Feb. 16, 2021) (listing the current 7-day average daily deaths as 3,013 per day).

February 19, 2021, but they may lead Stoll to waive the preliminary hearing. Accordingly, the parties submit that there is good cause to continue Stoll's preliminary hearing to April 23, 2021.

### B. The parties request that the Court extend the deadline for indictment to April 30, 2021, and exclude time under the Speedy Trial Act.

The parties request that the Court order that the deadline for filing an indictment or information be extended through April 30, 2021. The parties also request that, for good cause, the extension period be excluded under the Speedy Trial Act.

This Court may grant a continuance under the Speedy Trial Act where the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Any period of delay resulting from [such] a continuance shall be "excluded in computing the time within which an information or indictment must be filed." *Id.*

When evaluating whether to grant a continuance under § 3161(h)(7)(A), the Court shall consider, among other factors, whether the "failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

As a general matter, "[m]any types of emergencies, including natural disasters and terrorist attacks, have been found to justify Speedy Trial Act continuances." *United States* v. *Carillo-Villa*, 2020 WL 1644773, at *3 (S.D.N.Y. Apr. 2, 2020); *see also United States* v. *Lopez*, 2020 WL 1433158, at *2 (E.D. Cal. Mar. 24, 2020) ("Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.").

4

Given the extraordinary level of disruption caused by the COVID-19 pandemic, the parties respectfully submit that the ends of justice served by extending the indictment deadline until April 30, 2021, outweigh the interest of the public and the defendant in a speedy trial.[2]

*First*, given General Order 21-02's suspension of grand jury proceedings throughout the District except for those cases facing statute-of-limitations issues, no grand jury will likely be in session as to this matter—which does not face a statute-of-limitations issue—until at least March 1, 2021. Moreover, because the COVID-19 pandemic continues to kill thousands of Americans each day, it is likely that the Court will issue another General Order suspending grand jury proceedings as to this case until at least April 1, 2021. Accordingly, if the deadline for indictment is not extended, there is a considerable likelihood that the proceedings will be rendered impossible within the meaning of Section 3161(h)(7)(B)(i). *See Carillo-Villa*, 2020 WL 1644773, at *3 ("In light of the fact that there is no realistic scenario under which a grand jury can be convened in the near future, we find that the ends of justice served by excluding a 30-day period from the speedy trial calculation outweigh the best interest of the public and the defendant in a speedy trial."); *United States* v. *Garza-Guzman*, 2020 WL 1433359, at * (S.D. Cal. Mar. 20, 2020) ("[T]he Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances, during which it is unreasonable to expect return and filing of the indictment within the period specified in § 3161(b).").

*Second*, even if a grand jury could be convened (and a quorum could be obtained), the proceedings would jeopardize public health if they went forward at this time. Requiring grand jurors to leave their homes, travel to the courthouse, and meet as a group would expose many people—including the grand jurors, courthouse personnel, counsel, and any witness or

---

[2] This motion is supported by the concurrently filed Waiver of Timely Indictment/Information. Counsel for the defendant affirms that, although the Waiver shows only a checkmark symbol, the defendant digitally signed the Waiver.

witnesses—to unnecessary risks of infection. *See* General Order, *In re: Further Order Regarding Court Operations Under the Ongoing Exigent Circumstances Created by COVID-19*, No. 20-08 (S.D. Ohio Apr. 3, 2020) (emphasizing "public health considerations arising from in-court hearings" in finding that ends of justice outweigh speedy trial concerns as to "any continuance in any criminal matter resulting from the provisions of this General Order"); *United States* v. *Xalteno-Alejo*, 2020 WL 1433416, at *1 (S.D. Cal. Mar. 20, 2020) (extending time to file indictment based on "effect of public health recommendations on the ability of grand and counsel to be present in the courtroom in light of the recent outbreak of COVID-19 and the well-documented concerns surrounding this virus").

 *Third*, considering the social-distancing and stay-at-home measures put in place to combat COVID-19, the parties are limited in their ability to review and discuss the discovery. Without the requested extension, the parties would be denied reasonable time necessary for effective preparation, and a miscarriage of justice would result.

//

//

//

//

//

//

//

//

//

//

//

//

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in the Court's General Orders relating to COVID-19, including General Order 21-02, the parties respectfully request that the deadline to file an indictment or information be extended up to and including April 30, 2021, and that all delay resulting from this continuance be excluded in computing the time within which an information or an indictment must be filed. The parties also request that, for good cause shown, the preliminary hearing in this matter be continued to April 23, 2021, or as soon thereafter as is convenient for the Court.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney

s/*Karen Savir*
KAREN SAVIR (KY 92002)
Attorney for Defendant
Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834
Karen_Savir@fd.org

s/*Julie D. Garcia*
JULIE D. GARCIA (CA 288624)
Assistant U.S. Attorney
221 E. Fourth St., Suite 400
Cincinnati, OH 45202
513-684-3711
Julie.Garcia@usdoj.gov