IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:21-MJ-00030 |
| v. | : | HON. KAREN L. LITKOVITZ |
| JUSTIN STOLL, | : | |
| Defendant. | : | |

### JOINT MOTION TO CONTINUE PRELIMINARY HEARING, EXTEND TIME FOR FILING INDICTMENT OR INFORMATION, AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and defendant Justin Stoll respectfully request that the Court continue the preliminary hearing in this matter until June 25, 2021, or as soon thereafter as is convenient for the Court. The parties also jointly move to extend through July 8, 2021, the deadline for filing an indictment or information, as well as for a finding that the requested extension period is excluded under the Speedy Trial Act.

## BACKGROUND

**A. Procedural History**

Stoll was arrested on a federal arrest warrant on January 15, 2021, and made his initial appearance before the Court on the same day to answer to a complaint charging him with Interstate Threats and Witness Tampering by Threat. Stoll was released on bond, and a preliminary hearing was set for January 29, 2021.

On January 28, 2021, upon the parties' stipulation and for good cause, the Honorable Judge Stephanie K. Bowman, U.S. Magistrate Judge for the Southern District of Ohio, continued the preliminary hearing until February 19, 2021, and extended through March 16, 2021, the

deadline for filing an indictment or information. (Doc. 14.) The Court also ordered that the extension period be excluded under the Speedy Trial Act.

On February 18, 2021, again upon the parties' stipulation and for good cause, the Honorable Judge Karen L. Litkovitz, U.S. Magistrate Judge for the Southern District of Ohio, continued the preliminary hearing until April 23, 2021, and extended through April 30, 2021, the deadline for filing an indictment or information. (Doc. 17.) The Court also ordered that the extension period be excluded under the Speedy Trial Act.

Since the filing of the complaint, counsel for the parties have engaged in pre-indictment discovery discussions. To facilitate those ongoing discussions, and because of the limits on the availability of the grand jury caused by the COVID-19 pandemic, the parties now respectfully request that the Court continue the preliminary hearing until June 30, 2021; extend through July 8, 2021, the deadline for filing an indictment or information; and exclude time under the Speedy Trial Act.

### B.  COVID-19 and relevant General Orders

For more than a year, Ohio, like the rest of the world, has been affected by the COVID-19 pandemic, leading the U.S. District Court for the Southern District of Ohio to issue a series of General Orders suspending or limiting certain court proceedings, including grand jury proceedings. *See, e.g.*, General Order, *In re: Further Order Regarding Court Operations Under the Ongoing Exigent Circumstances Created by COVID-19*, No. 21-02 (S.D. Ohio Jan. 11, 2021) (providing that the grand jury could meet just once in February 2021 in any of the three locations of the Court, but only for cases facing an imminent expiration of the statute of limitations).

Although vaccines are now being administered, hundreds of people continue to die from COVID-19 in the United States each day.[1] In the most recent General Order addressing grand jury proceedings, the Chief Judge ordered that grand jury proceedings could recommence, "but only to the extent that the United States Attorney for the Southern District of Ohio deems it necessary for the grand jury to meet." *See* General Order, *In Re: Order Regarding Court Operations Under the Ongoing Exigent Circumstances Created by COVID-19*, No. 21-07 (Mar. 3, 2021), at 3. The Chief Judge further ordered that, "[i]n determining whether to move forward with grand jury proceedings on certain dates, or as to particular matters, the United States Attorney shall weigh heavily the need to reduce courthouse traffic in the interest of public health." *Id.*

## DISCUSSION

### A. There is good cause to extend the time limit for a preliminary hearing.

Preliminary hearings generally must be held "within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody." Fed. R. Crim. P. 5.1(c). Where the defendant consents, however, the Court may for good cause extend the time limits for a preliminary hearing one or more times. Fed. R. Crim. P. 5.1(d).

Stoll consents to a continuation of his preliminary hearing because the parties are engaged in pre-indictment discovery discussions. These discussions will not conclude before April 23, 2021, but they may lead Stoll to waive the preliminary hearing. Accordingly, the parties submit that there is good cause to continue Stoll's preliminary hearing to June 25, 2021.

---

[1] *See* CDC COVID Data Tracker, *available at* https://covid.cdc.gov/covid-data-tracker/ (last accessed Apr. 16, 2021) (listing the current 7-day average daily deaths as 699 per day).

**B. The parties request that the Court extend the deadline for indictment to July 8, 2021, and exclude time under the Speedy Trial Act.**

The parties request that the Court order that the deadline for filing an indictment or information be extended through July 8, 2021. The parties also request that, for good cause, the extension period be excluded under the Speedy Trial Act.

This Court may grant a continuance under the Speedy Trial Act where the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Any period of delay resulting from [such] a continuance shall be "excluded in computing the time within which an information or indictment must be filed." *Id.*

When evaluating whether to grant a continuance under § 3161(h)(7)(A), the Court shall consider, among other factors, whether the "failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

As a general matter, "[m]any types of emergencies, including natural disasters and terrorist attacks, have been found to justify Speedy Trial Act continuances." *United States* v. *Carillo-Villa*, 2020 WL 1644773, at *3 (S.D.N.Y. Apr. 2, 2020); *see also United States* v. *Lopez*, 2020 WL 1433158, at *2 (E.D. Cal. Mar. 24, 2020) ("Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.").

Given the extraordinary level of disruption caused by the COVID-19 pandemic, as well as the parties' ongoing pre-indictment discovery discussions, the parties respectfully submit that

4

the ends of justice served by extending the indictment deadline until July 8, 2021, outweigh the interest of the public and the defendant in a speedy trial.[2]

*First*, as noted above, General Order 21-07 authorizes the United States Attorney to convene the grand jury only to the extent he deems it "necessary." Currently, there is just one grand jury date scheduled in Cincinnati for the rest of April and none yet scheduled in May; and, because of the limits on grand jury time, the U.S. Attorney is prioritizing cases that face an imminent statute-of-limitations issues or present an ongoing risk to the public. Moreover, the current state of the pandemic raises the reasonable likelihood that grand jury proceedings will continue to be restricted in the future. Because this case does not face a statute-of-limitations issue and does not present an imminent risk to the public, it is not clear whether it will be possible to present the matter to the grand jury by the current deadline. Accordingly, if the deadline for indictment is not extended, these proceedings may be rendered impossible within the meaning of Section 3161(h)(7)(B)(i). *See United States* v. *Garza-Guzman*, 2020 WL 1433359, at * (S.D. Cal. Mar. 20, 2020) ("[T]he Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances, during which it is unreasonable to expect return and filing of the indictment within the period specified in § 3161(b).").

*Second*, considering the social-distancing measures put in place to combat COVID-19, the parties are limited in their ability to review and discuss the discovery, and defense counsel is limited in her ability to meet with the defendant. Without the requested extension, the parties would be denied reasonable time necessary for effective preparation, and a miscarriage of justice would result.

---

[2] This motion is supported by the concurrently filed Waiver of Timely Indictment/Information. Counsel for the defendant affirms that, although the Waiver shows only a checkmark symbol, the defendant digitally signed the Waiver.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in the Court's General Orders relating to COVID-19, including General Order 21-07, the parties respectfully request that the deadline to file an indictment or information be extended up to and including July 8, 2021, and that all delay resulting from this continuance be excluded in computing the time within which an information or an indictment must be filed. The parties also request that, for good cause shown, the preliminary hearing in this matter be continued to June 30, 2021, or as soon thereafter as is convenient for the Court.

                                                Respectfully submitted,

                                                VIPAL J. PATEL
                                                Acting United States Attorney

| s/*Karen Savir* | s/*Julie D. Garcia* |
|---|---|
| KAREN SAVIR (KY 92002) | JULIE D. GARCIA (CA 288624) |
| Attorney for Defendant | Assistant U.S. Attorney |
| Assistant Federal Public Defender | 221 E. Fourth St., Suite 400 |
| 250 E. 5th Street, Suite 350 | Cincinnati, OH 45202 |
| Cincinnati, Ohio 45202 | 513-684-3711 |
| (513) 929-4834 | Julie.Garcia@usdoj.gov |
| Karen_Savir@fd.org | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:21-MJ-00030 |
| Plaintiff, | : | |
| | : | HON. KAREN L. LITKOVITZ |
| v. | : | |
| JUSTIN STOLL, | : | |
| Defendant. | : | |

### ORDER CONTINUING PRELIMINARY HEARING, EXTENDING TIME TO FILE INDICTMENT OR INFORMATION, AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

Having considered the parties' Joint Motion to Continue Preliminary Hearing, Extend Time for Filing Indictment or Information, and Exclude Time Under the Speedy Trial Act, the Court hereby **GRANTS** the motion.

For good cause shown, the preliminary hearing currently set for April 23, 2021, is continued to June 30, 2021. The deadline for filing an indictment or information is extended to July 8, 2021.

Furthermore, pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds, after considering the factors set forth in § 3161(h)(7)(B), that the ends of justice served by granting the requested extension of the deadline for filing an indictment or information outweigh the best interest of the public and Defendant in a speedy indictment, information, and trial.

In making this ends-of-justice finding, the Court finds that the extension is warranted in this case considering the extraordinary level of disruption caused in Ohio by the ongoing global COVID-19 pandemic. *See United States* v. *Lopez*, 2020 WL 1433158, at *5 (E.D. Cal. Mar. 24, 2020). In addition to adopting the findings set forth in General Order Nos. 20-08 and 21-07 of

the United States District Court for the Southern District of Ohio, the Court specifically finds that failure to grant the requested extension in this matter would:

1. Likely make continuation of the proceedings in this matter impossible, in that grand jury proceedings in the Southern District of Ohio continue to be restricted due to the COVID-19 pandemic, and the current state of the pandemic raises the reasonable likelihood that grand jury proceedings will continue to be restricted in the future; and

2. Deny counsel for the defendant and/or the attorney for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and result in a miscarriage of justice, in that the parties desire and need additional time to review certain informal discovery, especially in light of the social-distancing measures currently in place to combat the spread of COVID-19.

Accordingly, the time period specified in 18 U.S.C. § 3161(b), within which the United States must file an indictment or information relative to the current charges in this matter, is hereby extended up to and including July 8, 2021. The time period from April 30, 2021, up to and including July 8, 2021, shall, in addition to all other excludable time, be excluded in computing the time within which an indictment or information relative to the charge(s) in this matter must be filed.

Date: _____      _____
　　　　　　　　　　　　　　　　HON. KAREN L. LITKOVITZ
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

8